**No. 45661.**—Petition 6115–R of Scharf Bros. Co., Inc. (New York).

TILSON, Judge:   This petition, praying for remission of additional duties assessed by reason of undervaluation on entry of certain imported merchandise, was filed under the provisions of section 489, Tariff Act of 1930.

At the trial of the case one witness testified for the petitioner substantially as follows: That he was treasurer of the petitioner herein, that he was familiar with the invoices covering the merchandise, and that he directed the making of entries and entering the merchandise herein; that there had been a discussion between Examiner Bowen and himself for some time prior to the entry as to the market value of the merchandise; that his discussion with the examiner was concerning whether or not there was a home-market value for the merchandise, or whether it should be entered at the United States value, the result of which was that the witness told the examiner that he did not see eye to eye with him and that he was prepared to make entry, have him advance it, and then make a test case of it; that he simply had an honest difference of opinion with the examiner as to the similarity of the imported merchandise to other merchandise being freely offered for sale in England.

Testifying on cross-examination as to what effort he made prior to entry to obtain the correct value at which to enter, the witness stated:

A. I explained at the outset of the hearing that prior to the time any shipments were made, the shipper informed me he could manufacture at a price we could afford to pay, an article which he said was not identical with that of the price at which it was being sold in the home market.   And we thereupon advised him if such were not sold in the home market to so inform us.   I can further recall

having written him trying to avoid this situation, and asking him whether he could recall the whole situation. Furthermore I learned from the shipper that they do not contain the same kind of licorice extract. "Mayfair Licorice Cakes" and "Spanish Buttons," but the former were made specifically for the American market.

The witness was also interrogated on cross-examination concerning certain letters written subsequent to the date of the entry here involved, and concerning certain conversations he had with a special agent. Of course, anything that happened subsequent to the entry in this case could have no bearing on the good faith of the importer at the time he filed the entry.

A witness for the respondent, the examiner who passed this merchandise testified as follows in response to question by the court:

Q. Do you remember having had any conference with the petitioner in this case?—A. Yes.

Q. Did he say * * * that he felt the confectionery was not similar?—A. There was a disagreement between us as to the nature of the confectionery.

Q. Did he tell you he intended to make a test case?—A. Yes.

The respondent also offered the testimony of a special agent who had made an investigation of this matter in England after the entry was made in this case. Most of the testimony sought to be obtained from this witness related to a letter dated November 8, 1939, and upon proper objection being made thereto by counsel for the petitioner, the court refused to permit the witness to testify concerning this letter which, as will be seen, was written some 4 years after the entry was made. We fail to see how anything that happened 4 years after the entry of the merchandise was made could have any bearing upon the good faith of the petitioner herein in making the entry.

The fact that the petitioner did not agree with the customs officials as to the value at which this merchandise should be entered furnishes no grounds for denying the petitioner relief in this case because of a lack of good faith in making his entry. If it were otherwise, in any case in which an importer did not agree with the customs officials as to the value at which merchandise should be entered would not be entitled to relief on account of undervaluation, and this would. in effect nullify section 489 of the act of 1930. Any importer who, without any intention to defraud the revenue of the United States, conceal or misrepresent the facts of the case, or deceive the appraiser as to the value of the merchandise, enters his merchandise at a less value than that returned upon final appraisement, is entitled to have the penalty remitted.

We are satisfied from an examination of the record in this case that the entry of the merchandise at a value less than that returned upon final appraisement was without any intention to defraud the revenue of the United States, or conceal or misrepresent the facts of the case, or to deceive the appraiser as to the true value of the merchandise. The petitioner herein honestly believed that his merchandise was not similar to that sold in the home markets of England, and thereupon entered at the United States value. It was shown in the reappraisement proceedings which followed that the petitioner was in error in such belief, but the mere fact that the petitioner was in error in an honest belief furnishes no ground for denying relief in this case. The petition is, therefore, granted. Judgment will be rendered accordingly.